IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKHIL K. MISHRA, )<br>)<br>    Plaintiff, )<br>) 2:05cv692<br>v. )<br>) Judge Thomas M. Hardiman<br>BARRY FOX, )<br>)<br>    Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Akhil Mishra (Mishra) filed this *pro se* action against Barry Fox (Fox), alleging what appears to be a *Bivens* action for fraud, intentional tort or an unspecified constitutional violation. Defendant Fox filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I.  **Statement of Facts**

Mishra's claims arise out of his criminal prosecution for drug charges that resulted in a guilty verdict on June 30, 2000. Defendant Fox was a government witness who testified against Mishra at his criminal trial and supplied evidence that supported the conviction. As a result of his conviction, Mishra was sentenced to twenty-four months in prison, one year of supervised release, and certain of his properties were forfeited.

The gravamen of Mishra's complaint is that Fox testified falsely against him. Specifically, he alleges that Fox lied regarding Mishra's ownership of the businesses in question, the nature of the products he sold, and about other material facts of the case. Mishra asks the

Court to "restore the actual truth and lawfulness of material facts . . ." and "also prays this court to grant a new jury trial . . . ."

## II.   Standard of Review

The Court notes initially that Mishra is representing himself in this case.  Because plaintiff is "unskilled in the law, we must view his pleading and the applicable procedure liberally." *Moore v. Coats Co.*, 270 F.2d 410, 411 (3d Cir. 1959) (*citing Picking v. Pennsylvania R. Co.*, 151 F.2d 240, 244 (3d Cir. 1945)).  "On the other hand, a judge may not become a surrogate attorney for the party, even one who is proceeding pro se." *Taylor v. Diznoff*, 633 F. Supp. 640, 641 (W.D. Pa. 1986)(*quoting Mazur v. Pa. Dept. of Transp.*, 507 F. Supp. 3, 4 (E.D. Pa. 1980), *aff'd* 649 F.2d 860 (3d Cir. 1981)).

Rule 12(b)(1) motions challenge the existence of subject matter jurisdiction.  In deciding a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in the light most favorable to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Additionally, courts should overlook a complaint's failure to rely on the appropriate jurisdictional statutes and instead ascertain independently whether the complaint alleges a basis for subject matter jurisdiction. *Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552 (3d Cir. 1983) (citations omitted).  Furthermore, the Court of Appeals has held that where the absence of subject matter jurisdiction is apparent from the face of a complaint, any amendment would be futile, and hence dismissal without leave to amend is proper. *See Miklavic v. USAir*, 21 F.3d 551, 557-58 (3d Cir. 1994) ("[W]e find that granting leave to amend would have been futile on [the] ground . . . [of] lack of subject matter jurisdiction.").

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *In re Rockefeller Center Properties Inc.*, 311 F.3d 198 (3d Cir. 2002). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

### III.  Discussion

#### A.  *Jurisdiction*

Mishra brings this action pursuant to 18 U.S.C. §3231, which confers federal court jurisdiction "over all offenses against the laws of the United States." *Id.* Section 3231 of the criminal code is plainly inapposite as a jurisdictional basis for Mishra's claim, however, because that section is the general grant of jurisdiction for federal crimes. Mishra does not specify any other federal statute under which his claim allegedly arises, and gives no indication of which laws he claims Fox violated. Moreover, there has been no monetary demand and the complaint alleges that both the Plaintiff and Defendant reside in Pittsburgh, so there is no basis for diversity jurisdiction in this case. Because Mishra is a *pro se* litigant, the Court construes his complaint as

a *Bivens* action, alleging that Fox, acting as an agent of the federal government, violated Mishra's constitutional rights by testifying falsely in a criminal proceeding.

    B.    *Timeliness of Plaintiff's Claim*

Fox argues that Mishra's claim is untimely regardless of how it is construed. The Court of Appeals has held that a two year statute of limitations applies to all *Bivens* actions. *See Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080 (3d Cir. 1988)(*Bivens* actions, like §1983 actions, are held to the applicable state law statute of limitations); *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993)(all §1983 actions should be classified as claims for personal injury for the purposes of establishing the applicable statute of limitations, and Pennsylvania limitations period for personal injury is two years). Mishra states in his complaint that "the present allegations are exclusively based and related to criminal case No. 99-57," which resulted in a guilty verdict on June 30, 2000. The allegedly false testimony occurred on or before June 30, 2000, rendering it the latest date from which the statute of limitations could run in this case. This suit was filed on May 19, 2005, nearly five years after the criminal trial at issue ended and three years after the statutory period expired. Accordingly, Mishra's complaint is barred by the applicable statute of limitations.

In his brief in opposition, Mishra argues that his claim is timely because he is still feeling the effects of the injury that he suffered. The Court of Appeals has stated clearly that the "limitations period begins to run from the time the cause of action accrued. A claim arising under Pennsylvania law accrues at the occurrence of the final significant event necessary to make the claim suable." *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985)(internal citations omitted). The activity that allegedly caused Mishra's injury occurred, at the latest, in

June 2000 and was the final significant event that constitutes his claim. In addition, Mishra has not alleged any facts that support a potential continuing violation, nor has he offered grounds that would support the application of the equitable tolling doctrine. Thus, the statute of limitations began to run in June 2000, and Mishra's complaint was filed well after the statutory period had elapsed.

C.  *Absolute Immunity*

Even assuming, *arguendo*, that Mishra's claim was timely filed, Fox argues that he is subject to absolute immunity from suit for testimony given in court. In *Briscoe v. LaHue,* 460 U.S. 325 (1983), the Supreme Court recognized that "the common law provided absolute immunity from subsequent damages liability for all persons--governmental or otherwise--who were integral parts of the judicial process." *Id.* at 335. This immunity includes witnesses who testify during trial, and the Court in *Briscoe* specifically refused to create an exception for police officers testifying at criminal trials:

> [O]ur cases clearly indicate that immunity analysis rests on functional categories, not on the status of the defendant. A police officer on the witness stand performs the same functions as any other witness; he is subject to compulsory process, takes an oath, responds to questions on direct examination and cross-examination, and may be prosecuted subsequently for perjury . . . Moreover, to the extent that traditional reasons for witness immunity are less applicable to governmental witnesses, other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses.

*Id.* at 342-43. Absolute immunity for government witnesses in §1983 actions was extended to *Bivens* actions in *Drum v. Nasuti,* 648 F. Supp. 888 (E.D. Pa. 1986), *aff'd* 831 F.2d 286 (3d Cir. 1987). The Court in *Drum* held that "the public policy considerations supporting common law witness immunity apply equally to claims brought against witnesses under *Bivens*." *Id.* at 904.

In this case, it is clear that the allegedly false testimony given by Fox at Mishra's criminal trial falls squarely within the type of activity contemplated by the foregoing cases. Accordingly, Fox enjoys absolute immunity from suit based on testimony he gave in the June 2000 trial and Mishra's complaint would fail to state a claim upon which relief can be granted even if it had been filed timely.

An appropriate order follows.

                                                    */s/ Thomas M. Hardiman*
                                                    Thomas M. Hardiman
                                                    United States District Judge

Dated: December 19, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKHIL K. MISHRA,      Plaintiff, | ) ) ) ) |
| v. | ) )  2:05cv692 |
| RICHARD FOX,      Defendant. | ) )  Judge Thomas M. Hardiman ) ) ) |

## ORDER

AND NOW, this 19th day of December, 2005, upon consideration of Defendant's Motion to Dismiss (Doc. No. 11), it is hereby ORDERED that said motion is GRANTED. The clerk is directed to mark this case CLOSED.

_____
Thomas M. Hardiman
United States District Judge

cc: All counsel of record.